# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE G. JUAREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. RAY, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:12-cv-01298-SKO PC<br><br>FIRST SCREENING ORDER DISMISSING CLAIM AGAINST DEFENDANT LEWIS, WITH PREJUDICE, AND DISMISSING REMAINING CLAIMS, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**First Screening Order**

**I.	Screening Requirement and Standard**

Plaintiff Valerie G. Juarez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 9, 2012. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.   Discussion

### A.   Allegations

Plaintiff, who is incarcerated at Central California Women's Facility (CCWF) in Chowchilla, brings this action against Doctor Ray, a CCWF physician, and Doctor Marshall Lewis, a consulting orthopedic surgeon, for events arising out of treatment for her broken finger.

Plaintiff alleges that on August 4, 2011, Defendant Ray and his assistant attempted to adjust Plaintiff's broken finger despite knowing they could not properly reposition it.  Plaintiff's finger was left crooked and immobile, and after she filed an inmate appeal, she was sent to Defendant Lewis on September 14, 2011.  Defendant Lewis, an orthopedic surgeon in Bakersfield, commented that he always has to fix CCWF's mistakes and he changed all of Plaintiff's previous medical procedure orders.  Defendant Lewis operated and placed pins in Plaintiff's finger, but her finger still does not bend and is at an uncomfortable angle.

///

Plaintiff alleges that she received negligent care, the surgery conducted by Defendant Lewis was of no benefit, she was in severe pain following the procedure, the pain medication provided was inadequate, and her bandage was only changed once. Plaintiff further alleges that the manner in which she was spoken to required her to express remorse for having filed an inmate appeal, she was made to wait hours for medical appointments, and inadequate medical care goes unchallenged in prison because inmates lack knowledge.

**B.    Claims**

**1.    Medical Care**

In her complaint, Plaintiff alleges that she received negligent care for her broken finger. However, section 1983 only provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law, Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and negligent medical care does not support a claim for relief under section 1983, Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977)). While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow, 681 F.3d at 985; Wilhelm, 680 F.3d at 1122; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Plaintiff's allegations do not support a claim under section 1983 against Defendant Ray or Defendant Lewis. Plaintiff's allegations of negligence are insufficient to demonstrate that Defendant Ray violated her federal constitutional rights; there is simply no factual support for a claim that Defendant Ray knowingly disregarded a substantial risk of harm to Plaintiff's health. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994).

Assuming without deciding that Defendant Lewis, a private physician, was acting under color of state law by virtue of a contract with the state, West v. Atkins, 487 U.S. 42, 54, 108 S.Ct. 2250 (1988), Plaintiff's complaint is devoid of any facts which support an Eighth Amendment claim against him, Farmer, 511 U.S. at 837. The fact that Plaintiff was dissatisfied with the result of the surgery Defendant Lewis performed and/or that he was unable to return full function and form to

Plaintiff's damaged finger does not support a claim for relief. Even if Defendant Lewis had performed the surgery incompetently, which has *not* been shown, liability would not lie under section 1983. Snow, 681 F.3d at 985. Based on the nature of the allegations against Defendant Lewis, the Court finds that the claim is not curable through amendment. Plaintiff's dissatisfaction with the surgical outcome simply does not form the basis for an Eighth Amendment claim. Snow, 681 F.3d at 987-88 (citing Estelle, 429 U.S. at 106 and Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)

### 2. Retaliation

Plaintiff also alleges that she was treated differently by medical staff, "almost to the point of retaliation." (Comp., p. 3.) However, Plaintiff's complaint sets forth no facts suggesting that any named defendant took adverse action against her because of her exercise of her protected First Amendment rights. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). Therefore, Plaintiff fails to state a claim under section 1983 for retaliation. Out of an abundance of caution, the Court will permit Plaintiff one opportunity to amend this claim. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

### III. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983. With the exception of the claim against Defendant Lewis, the Court will provide Plaintiff with one opportunity to file an amended complaint. Akhtar, 698 F.3d at 1212-13; Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77, and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Simmons v. Navajo County,

Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's claim against Defendant Lewis is dismissed, with prejudice, for failure to state a claim under section 1983;

2. Plaintiff's other claims are dismissed, with leave to amend, for failure to state a claim under section 1983;

3. The Clerk's Office shall send Plaintiff a civil rights complaint form;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:   March 13, 2013**                              /s/ Sheila K. Oberto
                                                       UNITED STATES MAGISTRATE JUDGE