# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE G. JUAREZ, | CASE NO. 1:12-cv-01298-SKO PC |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| DR. RAY, | (Doc. 8) |
| Defendant. | ORDER THAT DISMISSAL IS SUBJECT TO THREE STRIKES PROVISION UNDER 28 U.S.C. § 1915(G) |

**Second Screening Order**

**I.      Screening Requirement and Standard**

Plaintiff Valerie G. Juarez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 9, 2012. On March 14, 2013, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on April 12, 2013.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Discussion**

    **A.     Allegations**

Plaintiff, who is incarcerated at Central California Women's Facility (CCWF) in Chowchilla, brings this action against Doctor Ray, a CCWF physician. Plaintiff alleges that she broke her finger on August 4, 2011, and Defendant Ray told her he would send her to Madera Hospital if he could not relocate her finger. Defendant Ray proceeded to rebreak and relocate the finger, x-rays were taken, and Plaintiff was sent back to her housing unit.

Plaintiff was never sent to Madera Hospital, but on September 14, 2011, she was sent out for surgery.

On November 15, 2011, Plaintiff was told by a physical therapist that her finger will not bend due to calcium deposits around the knuckle, and on November 22, 2011, the physical therapist told

her that no progress had been made. Plaintiff alleges that her finger no longer functions and is damaged for life.

### B.  Medical Care Claim

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law, *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002), and for Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [her] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent," *Wilhelm*, 680 F.3d at 1122 (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

While the Court acknowledges Plaintiff's allegation that her finger has been permanently damaged, her amended complaint contains no facts which support a claim that Defendant Ray acted with deliberate indifference to her serious medical needs. Plaintiff's mere disagreement with the course of treatment chosen by Defendant Ray does not support a claim for relief under section 1983 and nothing further has been shown. *Snow*, 681 F.3d at 987; *Wilhelm*, 680 F.3d at 1122-23.

### III.  Conclusion and Order

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously provided with notice of the deficiencies in her claims and an opportunity to amend, but she was unable to cure the deficiencies and further leave to amend is not warranted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

///

Accordingly, based on the foregoing, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under section 1983. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

**Dated:   May 3, 2013**                          /s/ **Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE